IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID SWIFT,                          )
                                      )
            Petitioner,               )
                                      )
      v.                              )    1:04CV578
                                      )    CR-89-235-01-G
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner David Swift, a federal prisoner, has filed a motion to modify term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] (Docket no. 100)[2] He contends that his guideline range should be lowered by one offense level under Amendment 459 to the sentencing guidelines. (Id. at 4) Respondent has responded to the motion. (Docket no. 111) Petitioner was advised of his right to file a reply brief. (Docket no. 112) He responded to say that he did not receive a copy of the government's response. (Docket no. 113) Another copy was sent to him on December 7, 2005. (Docket no. 114) The time for filing a reply brief has now expired, and petitioner has not submitted a brief. The matter is now ready for ruling.

**DISCUSSION**

Section 3582(c)(2) allows the court to modify a term of imprisonment of a defendant who has been sentenced based on a

---

[1] Although it was not initially clear, petitioner is not raising any issues cognizable under 28 U.S.C. § 2255. Therefore, the motion is considered pursuant to 18 U.S.C. § 3582(c) only. A ten-day notice of appeal period therefore applies. Fed. R. App. P. 4(b)(1).

[2] Petitioner filed a duplicate of this motion which was docketed as no. 106, but that motion has now been administratively terminated.

sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, the sentencing guidelines state that a reduction in sentence due to a subsequent lowering of the guideline range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). Amendment 459 is not listed in subsection (c), and, accordingly, a reduction is not authorized for petitioner.

There is an exception for clarifying amendments to this rule on retroactive application. However, even if this was a clarifying amendment, this case does not meet either of the two requirements for an amendment to be applied retroactively. United States v. Chavis, 125 F.3d 849 (4th Cir. 1997) (unpublished) (non-retroactive clarifying amendment may be applied retroactively if it took effect before defendant was sentenced and earlier version of guidelines is used for sentencing or when clarifying amendment takes effect after sentencing while defendant's direct appeal is pending). Petitioner was sentenced in 1990 and Amendment 459 took effect in November 1992. Petitioner filed an untimely notice of appeal in 2002 which the Fourth Circuit dismissed for lack of jurisdiction. (Docket no. 111, ex. A) Petitioner's motion should be denied.

-2-

Case 2:89-cr-00235-JAB   Document 115   Filed 02/03/06   Page 2 of 3

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to modify term of imprisonment (docket no. 100) be **DENIED** and that Judgment be entered dismissing this action.

                                                  /s/ Russell A. Eliason
                                       **United States Magistrate Judge**

February 3, 2006